M. J. Bailey v. The State.

No. 2970.   Decided May 17, 1905.

**1.—Unlawfully Removing Fence of Another—Necessary Notice.**

In a prosecution for unlawfully separating a fence from that of another without the required six months' previous notice, it is necessary for the State to prove that the requisite notice was not given by defendant before the separation of the fence occurred.

**2.—Same—Tenant in Common—Requested Charge Refused.**

Where in a prosecution for unlawfully separating and removing a division fence owned jointly by defendant and prosecutrix, there was evidence that the defendant had the consent of a tenant in common of prosecutrix to remove said fence, the court should have given the requested charge submitting that issue; because if defendant had the authority of the prosecutrix's tenant in common to remove said fence, or believed that he had, he would not be guilty.

**3.—Same—Agency—Bona Fides—Requested Charge Refused.**

Where there was evidence in a prosecution for unlawfully removing a division fence, that the son of prosecutrix represented himself to be authorized to act for her and her tenant in common, to contract with defendant with reference to the removal of said fence and authorized him to remove same, and that defendant believed and acted upon such representations, he would not be guilty and the court should have given the requested charge on that issue.

**4.—Same—Joint Owners—Consent of One Sufficient.**

In a prosecution for unlawfully removing a division fence without the consent of the joint owner, there was evidence that the property involved was the joint estate of prosecutrix and her adult children, and the defendant would not be guilty of the offense if he obtained the consent of any of said joint owners to remove the division fence between them and himself.

Appeal from the County Court of Bell.  Tried below before Hon. W. R. Butler.

Appeal from a conviction of unlawfully removing a division fence without consent of owner; penalty, a fine of $10.

The opinion states the case.

*A. M. Monteith,* for appellant.—On question of notice: Warder v. State, 16 S. W. Rep., 338.   On question of consent by tenant in common: Govett v. State, 8 S. W. Rep., 478; Warder v. State, 16 S. W. Rep., 338; Hooks v. State, 25 Texas Crim. App., 601; Keizewetter v. State, 31 S. W. Rep., 395; Dennis v. State, 66 S. W. Rep., 838; Candle v. State, 74 S. W. Rep., 545; Warder v. State, 29 Texas Crim. App., 534; Anderson v. State, 29 S. W. Rep., 786.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The information contains three counts; the first charging that appellant pulled down and injured the fence of Mrs. E. J. Herrington without her consent; second, that he was a joint owner with Mrs. Herrington of a certain separating and dividing fence between the land of appellant and Mrs. Herrington, and

that appellant removed the fence without the mutual consent of himself and Mrs. Herrington, and without the consent of Mrs. Herrington; and the third charges that he separated and withdrew his fence from the fence of Mrs. Herrington without her consent, without having given the requisite six months' notice of his purpose to do so in advance of separating the fence. In regard to the first count, it was not noticed in the trial court, nor were there any facts to justify its insertion in the indictment. The third count was not submitted to the jury, and it is perhaps unnecessary to notice it. Should it become a question upon another trial, however, it would be necessary for the State to prove that the requisite notice was not given by appellant before the separation of the fence occurred, which was not done on the trial.

The second count is the one it seems upon which the conviction is predicated; that is, it was the separating and dividing fence between the land of appellant and Mrs. Herrington and was removed by the terms of the information without the mutual consent of Mrs. Herrington and appellant, and the fence was the joint property of the two. Several questions are suggested for revision. It seems from the facts that the deceased husband of Mrs. Herrington and appellant constructed this fence, and that just before the death of Herrington, there was an agreement that the fence as built was not on the true line. A surveyor by the name of Turner was employed to survey the land, and made two engagements or appointments to make the survey, but did not fulfill either appointment. After Herrington's death, the survey was made. Appellant, State's witness Barnes and Buck Bailey removed this fence to the line surveyed by Turner; at least that portion of the fence which was in the pasture. That portion of the land which was included in Herrington's farm was sold to Felix Herrington for $50, there being about five acres, included in the farm. It was understood from the various conversations occurring between appellant and the different members of the Herrington family in that connection that the matter should be settled in this way. However, there was an issue upon this phase of the testimony,—appellant claiming that he was authorized by Felix Herrington, in the presence of his mother, Mrs. E. J. Herrington, to remove the fence, and that to avoid all complications in regard to the title and lines of the land, Felix Herrington bought the five acres, or that portion of the land which was in the field, and appellant was to take that portion of it which was in the pasture and remove the fence, so as to be placed on the true line. We do not undertake to state all the testimony, but enough to show that these issue were raised.

It is contended the court erred in failing and refusing to charge the jury requested by appellant that, if Felix Herrington was a tenant in common with his mother of the fence claimed by her and alleged to be in her possession, and while he (Felix) was in possession of said premises with his mother, gave defendant Bailey the right and authority to remove the fence and place the same on the lines between their land, appellant would not be guilty of removing the fence; and

that the court erred in charging the jury contrary to this proposition, as the basis for the conviction. We believe this contention is correct. If appellant had the authority from Felix Herrington to remove that fence, or if he believed under all the facts and circumstances that occurred between them, that he had such right, he would not be guilty. A charge submitting this should have been given, as requested; and the court erred not only in not giving this phase of the law but in giving · the contrary.

It is also contended that the court erred in refusing to charge the jury at the request of appellant, if George Herrington held himself out and represented himself to be authorized to act for Mrs. Herrington, and Felix Herrington, and to make a contract with defendant, that a deed should be made by defendant to Felix Herrington of the land in the Herrington field, and that they did not want the pasture land, and that appellant could keep that land and remove his fence to the true line, and that appellant believed such statement and representations of George Herrington as to said authority and power, and acted upon that belief, he would not be guilty. There was evidence to sustain this theory, and this charge should have been given.

It is contended that the evidence is not sufficient to support the conviction. It is uncontradicted that Herrington, the husband of the alleged owner of the fence, was dead and had been for some time at the time of the removal of the fence; that he left surviving him his wife and nine children, the youngest boy, Felix, 23 years of age, living with his mother; and that there was no administration of any kind had upon the estate of the deceased. The contention here is, with the estate of the deceased in this condition, that the property vested in the heirs, and that it was not exclusively Mrs. Herrington's, as there was no will and no letters of administration granted, but that it was the property of herself and children as tenants in common. If appellant obtained the consent of any of the joint owners to remove the joint fence, he would not be guilty. The judgment is reversed and the cause remanded.

*Reversed and remanded.*